No. 21-20560

# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

Luis E. Class,

*Plaintiff-Appellant*

v.

Bobby Lumpkin, Director, Texas Department of Criminal Justice, Correctional Institutions Division; Kimberly Klock; Kelly L. Strong; Christopher S. Lacox; Lisa M. Nichols; Candy L. Montgomery; Cesar Trevino; Isaac J. Clark,

*Defendants-Appellees*

On Appeal from the United States District Court
for the Southern District of Texas
Case No. 4:20-cv-3440

## Plaintiff-Appellant's Reply Brief

Oren Nimni
Samuel Weiss
RIGHTS BEHIND BARS
416 Florida Avenue NW, #26152
Washington, DC 20001
(202) 540-0029

Ginger D. Anders
Sarah Weiner*
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Ave., NW
Suite 500E
Washington, DC 20001
P: (202) 220-1100
F: (202) 220-2300
Sarah.Weiner@mto.com

*Admitted in New York only; Practicing under the supervision of District of Columbia Bar members

*Counsel for Plaintiff-Appellant*

# CERTIFICATE OF INTERESTED PERSONS

No. 21-20560 (5th Cir.)

Luis E. Class,

*Plaintiff-Appellant*

v.

Bobby Lumpkin, Director, Texas Department of Criminal Justice, Correctional Institutions Division; Kimberly Klock; Kelly L. Strong; Christopher S. Lacox; Lisa M. Nichols; Candy L. Montgomery; Cesar Trevino; Isaac J. Clark,

*Defendants-Appellees*

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

1.  **Plaintiff-Appellant:**

    Luis E. Class

2.  **Defendants-Appellees:**

    Bobby Lumpkin, Director, Texas Department of Criminal Justice, Correctional Institutions Division; Kimberly Klock; Kelly L. Strong; Christopher S. Lacox; Lisa M. Nichols; Candy L. Montgomery; Cesar Trevino; Isaac J. Clark

3.  **Counsel for Plaintiff-Appellant:**

    Oren Nimni; Samuel Weiss; Rights Behind Bars; Ginger D. Anders; Sarah Weiner; Munger, Tolles & Olson LLP

4. **Counsel for Defendants-Appellees:**

Ken Paxton, Attorney General of Texas; Brent Webster, First

Assistant Attorney General; Grant Dorman, Deputy First Assistant

Attorney General; Shawn E. Cowles, Deputy Attorney General for

Civil Litigation; Shanna E. Molinare, Chief, Law Enforcement

Defense Division; Jeanine Coggeshall, Assistant Attorney General;

Office of the Attorney General

Respectfully submitted,

Date: March 7, 2022

*/s/ Sarah Weiner*
Sarah Weiner*
Counsel for Plaintiff-Appellant
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Ave., NW, Suite 500E
Washington, DC 20001
P: (202) 220-1100
Sarah.Weiner@mto.com

*Admitted in New York only; Practicing under the
supervision of District of Columbia Bar members

# TABLE OF CONTENTS

Page

CERTIFICATE OF INTERESTED PERSONS ......................................................... i

INTRODUCTION ................................................................................................1

ARGUMENT .......................................................................................................3

I.  THE DISTRICT COURT APPLIED THE WRONG TEST TO
CLASS'S ADA AND RA CLAIMS, WHICH DEFENDANTS
CONCEDE ARE NOT BARRED BY SOVEREIGN IMMUNITY. .............3

II.  THE DISTRICT COURT FAILED TO VIEW THE COMPLAINT'S
ALLEGATIONS IN THE LIGHT MOST FAVORABLE TO THE
PLAINTIFF WHEN EVALUATING THE SUFFICIENCY OF
CLASS'S SECTION 1983 CLAIMS. ...........................................................8

III.  THE DISTRICT COURT ERRED IN DISMISSING THE
COMPLAINT WITH PREJUDICE. ...........................................................15

CONCLUSION ..................................................................................................16

CERTIFICATE OF SERVICE ...........................................................................17

CERTIFICATE OF COMPLIANCE...................................................................18

**FEDERAL CASES**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) .......................................................................................10

*Ball v. LeBlanc*,
    792 F.3d 584 (5th Cir. 2015) ...........................................................................7

*Bazrowx v. Scott*,
    136 F.3d 1053 (5th Cir. 1998) ........................................................................15

*Bennett-Nelson v. Louisiana Bd. of Regents*,
    431 F.3d 448 (5th Cir. 2005) ............................................................................3

*Bono v. Saxbe*,
    620 F.2d 609 (7th Cir. 1980) ..........................................................................15

*Brand Coupon Network, LLC v. Catalina Mktg. Corp.*,
    748 F.3d 631 (5th Cir. 2014) ............................................................................8

*Cadena v. El Paso Cnty.*,
    946 F.3d 717 (5th Cir. 2020) .......................................................................5, 6

*Calhoun v. Hargrove*,
    312 F.3d 730 (5th Cir. 2002) .......................................................................8, 11

*Carver v. Atwood*,
    18 F.4th 494 (5th Cir. 2021) .............................................................................7

*Delano-Pyle v. Victoria Cnty., Tex.*,
    302 F.3d 567 (5th Cir. 2002) ............................................................................5

*Farmer v. Brennan*,
    511 U.S. 825 (1994) ..........................................................................11, 12, 14

*Hernandez v. Velasquez*,
    522 F.3d 556 (5th Cir. 2008) ..........................................................................13

*Hudson v. Univ. of Tex. Med. Branch*,
    441 F. App'x 291 (5th Cir. 2011) .....................................................................9

# TABLE OF AUTHORITIES
## (Continued)

**Page(s)**

*Jackson v. Cain*,
   864 F.2d 1235 (5th Cir. 1989) ............................................................12

*Jones v. Hearn*,
   248 F. App'x 568 (5th Cir. 2007) ....................................................14

*M. D. by Stukenberg v. Abbott*,
   907 F.3d 237 (5th Cir. 2018) ...........................................................11

*McFadden v. Lucas*,
   713 F.2d 143 (5th Cir. 1983) ......................................................13, 14

*Miraglia v. Bd. of Supervisors of Louisiana State Museum*,
   901 F.3d 565 (5th Cir. 2018) .............................................................3

*Moawad v. Childs*,
   673 F.2d 850 (5th Cir. 1982) ......................................................15, 16

*Perez v. Doctors Hosp. at Renaissance, Ltd.*,
   624 F. App'x 180 (5th Cir. 2015) ......................................................6

*Quintanilla v. Bryson*,
   730 F. App'x 738 (11th Cir. 2018) ..................................................15

*Valentine v. Collier*,
   993 F.3d 270 (5th Cir. 2021) .............................................................4

*Washington v. Collins*,
   1995 WL 337763 (5th Cir. May 19, 1995) ......................................11

*Windham v. Harris Cnty., Texas*,
   875 F.3d 229 (5th Cir. 2017) ..........................................................4, 6

**CONSTITUTIONAL PROVISIONS**

U.S. Const. amend. VIII.................................................................*passim*

**INTRODUCTION**

Luis Class is a disabled veteran in the custody of the Texas Department of Criminal Justice (TDCJ). Class suffers from chronic injuries to his back and spine, and he requires a cane for walking. In his *pro se* complaint, Class alleges that one TDCJ officer disciplined him with a stint in segregation for nothing more than his physical inability to comply with her command to sit on the floor, and another officer later forced him to carry his belongings up several flights of stairs, without assistance and against medical advice. Class claims that these officers and the TDCJ violated the Americans with Disabilities Act (ADA) and the Rehabilitation Act (RA) by failing to reasonably accommodate his disability, and violated his Eighth Amendment rights by ordering him to perform tasks beyond his physical limitations and punishing him when he could not comply. The district court dismissed Class's claims with prejudice.

Tellingly, defendants in their answering brief hardly attempt to defend the primary bases for the district court's decision. With respect to Class's ADA and RA claims, defendants do not dispute that the district court committed fundamental legal error in dismissing those claims on the ground that Class "was treated the same as other inmates." ROA.292. Nor do they defend the district court's unsolicited conclusion that they enjoy Eleventh Amendment immunity. With good reason: Class demonstrated in the opening brief that the district court committed significant

legal errors on each of those points. Defendants are therefore relegated to advocating a novel theory of disability-based discrimination and quibbling with the complaint's allegations. But those allegations are clearly sufficient to state claims under the ADA and RA when considered under the correct legal standard. The district court's misstatement of the law requires correction.

The district court also mishandled Class's Section 1983 claims by giving the complaint's allegations a narrow and unfavorable reading. Rather than defend the district court's analysis, however, defendants simply replicate the district court's errors by ignoring inconvenient allegations and plausible theories of liability. Properly viewed in the light most favorable to Class, as required at this stage, the complaint's well-pleaded allegations are sufficient to state a claim for violations of the Eighth Amendment. The district court erred in holding otherwise.

Each of the district court's errors independently warrants reversal. But even if the court *had* properly dismissed Class's ADA, RA, and Section 1983 claims, the district court nonetheless erred in doing so with prejudice. Again, defendants do not contend otherwise. At minimum, therefore, the district court's order must be vacated and remanded with instructions to allow Class to amend his complaint.

## ARGUMENT

## I.  THE DISTRICT COURT APPLIED THE WRONG TEST TO CLASS'S ADA AND RA CLAIMS, WHICH DEFENDANTS CONCEDE ARE NOT BARRED BY SOVEREIGN IMMUNITY.

**A.** Defendants make no attempt to defend the district court's rationale for dismissing Class's ADA and RA claims. The court determined that the complaint "fail[ed] to plead facts stating a violation of his rights under the ADA" because "Class . . . was treated the same as other inmates." ROA.292. But, as defendants implicitly acknowledge (at 9), a plaintiff need not allege that he was subjected to unequal treatment in order to state a claim under the ADA and RA. Rather, a plaintiff need only allege "(1) that he has a qualifying disability; (2) that he is being denied the benefits of services, programs, or activities for which the public entity is responsible, or is otherwise discriminated against by the public entity; and (3) that such discrimination is by reason of his disability." *Miraglia v. Bd. of Supervisors of Louisiana State Museum*, 901 F.3d 565, 574 (5th Cir. 2018) (citation omitted). Defendants offer no support for the district court's unfounded assumption that the only way a plaintiff may show "discrimination is by reason of his disability," *id.*, is to allege that he was treated differently than non-disabled individuals.

Indeed, this Court has held just the opposite: Because "both the ADA and the Rehabilitation Act impose upon public entities an affirmative obligation to make reasonable accommodations for disabled individuals," *Bennett-Nelson v. Louisiana*

*Bd. of Regents*, 431 F.3d 448, 454 (5th Cir. 2005), "a plaintiff can establish the third prong of the prima facie case—discrimination 'by reason of his disability'—by showing that the defendants have failed to make reasonable accommodations," *Valentine v. Collier*, 993 F.3d 270, 290 (5th Cir. 2021); *see also Windham v. Harris Cnty., Texas*, 875 F.3d 229, 235 (5th Cir. 2017) ("[O]ur cases recognize that a public entity's failure reasonably to accommodate the known limitations of persons with disabilities can . . . constitute disability discrimination under Title II."). The district court thus erred in holding that Class failed to plausibly plead violations of the ADA and RA because he was "treated the same as other inmates." ROA.292. That holding effectively forecloses all failure-to-accommodate claims, since accommodations are by definition deviations from the way that individuals without disabilities are treated. Under the district court's standard, for example, a wheelchair-bound person who could not access a public library without a ramp would have no ADA or RA claim because all patrons—both the wheelchair-bound and non-disabled alike—were required to take the stairs. Such an interpretation cannot be squared with this Court's precedents. *See* Opening Br. 15-17.

Rather than defend the district court's unequal-treatment standard, defendants offer their own gloss on the ADA and RA. They assert (at 10) without a single citation—and for the first time on appeal, *see* ROA.172-73—that Class must

plausibly allege not only "that he was denied reasonable accommodations," but also that "he was denied reasonable accommodations . . . by reason of his disability."

Defendants' heightened scienter requirement is entirely unmoored from precedent. In the context of a failure-to-accommodate claim, a plaintiff demonstrates discrimination "by reason of his disability" by "show[ing] that the [defendant] entity knew of the disability and its consequential limitations, either because the plaintiff requested an accommodation or because the nature of the limitation was open and obvious." *Cadena v. El Paso Cnty.*, 946 F.3d 717, 723-24 (5th Cir. 2020); *see id.* at 726 (holding that a jury could "reasonably determine that the County's refusal to accommodate [the plaintiff] constituted intentional discrimination" where "defendants continued to refuse the requested accommodation despite indications that further accommodation was necessary"). For example, "this court has affirmed a finding of intentional discrimination when a county deputy knew that a hearing-impaired suspect could not understand him, rendering his chosen method of communication ineffective, and the deputy made no attempt to adapt." *Id.* at 724 (citing *Delano-Pyle v. Victoria Cnty., Tex.*, 302 F.3d 567, 575-76 (5th Cir. 2002). Similarly, "[t]he court has also found that a plaintiff created a genuine dispute as to intentional discrimination when the evidence indicated that 'on several occasions, an interpreter was requested but not provided,' and one of the forms of communication that a hospital used to speak with a hearing-

impaired patient was often ineffective." *Ibid.* (quoting *Perez v. Doctors Hosp. at Renaissance, Ltd.*, 624 F. App'x 180, 185 (5th Cir. 2015)). These cases demonstrate that, once a plaintiff sufficiently alleges a failure to accommodate, there is no need to further allege that the failure to accommodate was *because of* the plaintiff's disability. Failure to reasonably accommodate the known limitations of a person with disabilities constitutes disability-based discrimination in and of itself.

Judged under the proper standard, Class's complaint sufficiently states a failure-to-accommodate claim. *See* Opening Br. 17-19. The district court assumed that Class "sufficiently plead[ed] that he has a qualifying disability," ROA.292, due to a lower-back injury sustained during his military service, ROA.26. The district court recognized that Class "informed [TDCJ] officers about his medical issues," including his "history of back surgeries," and requested that he be relieved from orders "to sit on the floor" and "to climb stairs."[1] ROA.288-89. And neither the district court nor defendants have ever suggested that Class's requested accommodations—*i.e.*, to face the wall without sitting on the floor, and to climb

---

[1] Because Class walks with a cane, his "disability, limitation, and necessary accommodation are of a kind that would still have been 'open, obvious, and apparent' even if [Class] had never attempted to explain them." *Windham*, 875 F.3d at 238 (explaining that "well-understood and outwardly visible disabilities like, say, . . . being wheelchair-bound" may be "open, obvious, and apparent"); *see also* ROA.45 (TDCJ records imposing medical restrictions on Class's work and living assignments).

stairs with assistance—would be unreasonable. *See* Opening Br. 18 n.7. That is all that is necessary to allege a failure-to-accommodate claim. *See Ball v. LeBlanc*, 792 F.3d 584, 596 n.9 (5th Cir. 2015) ("To succeed on a failure-to-accommodate claim, a plaintiff must prove: (1) he is a qualified individual with a disability; (2) the disability and its consequential limitations were known by the covered entity; and (3) the entity failed to make reasonable accommodations.").

**B.** Defendants also offer no defense of the district court's separate orders (i) dismissing Class's claims for damages against defendants in their official capacities, *see* ROA.291, and (ii) dismissing the Director of the TDCJ's Correctional Institutions Division and the Warden and Assistant Warden of the TDCJ's Ellis Unit—*i.e.*, defendants Lumpkin,[2] Strong, and Lacox—from the case, *see* ROA.133. Indeed, defendants have *never* claimed that the Eleventh Amendment bars Class's official-capacity ADA and RA claims for damages—not in the district court, and not on appeal. *See* Opening Br. 25. That concession is well-founded: As Class explained in his opening brief (at 25-31), state sovereign immunity is abrogated with respect to Class's ADA claims and waived with respect to his RA claims.[3]

---

[2] Bobby Lumpkin was substituted for Lorie Davis on appeal. *See* Opening Br. 30 n.14.

[3] In all events, this Court's "precedents also make clear that a jurisdictional dismissal must be *without* prejudice," and "[t]his rule applies with equal force to sovereign-immunity dismissals." *Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021). The district court wholly failed to heed that command.

Consequently, Class's official-capacity ADA and RA claims against *all* defendants should be allowed to proceed, and the district court's orders dismissing those claims must be reversed.

## II. THE DISTRICT COURT FAILED TO VIEW THE COMPLAINT'S ALLEGATIONS IN THE LIGHT MOST FAVORABLE TO THE PLAINTIFF WHEN EVALUATING THE SUFFICIENCY OF CLASS'S SECTION 1983 CLAIMS.

Defendants' arguments are equally meritless with respect to the district court's assessment of Class's constitutional claims. Defendants do not contest that, in considering the sufficiency of the complaint, the district court was obligated to "accept[] all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff[]." *Brand Coupon Network, LLC v. Catalina Mktg. Corp.*, 748 F.3d 631, 634 (5th Cir. 2014) (citation omitted). Nor do defendants deny the "well-established" rule "that pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002) (citation and internal quotation marks omitted). Yet, in defending the district court's order dismissing Class's Section 1983 claims against Captains Trevino and Montgomery, defendants replicate the very same errors that plagued the district's analysis: They misconstrue well-pleaded allegations, draw inferences against Class, and ignore plausible theories of liability.

A. Begin with Class's claim against Captain Trevino. The complaint alleges that, when Class had to be quarantined in April 2020, he was ordered to carry

his 20-pound mattress and personal belongings up several flights of stairs. ROA.15-16. Even though Class walks with a cane and "told [the officers] about his disabilities," he was forced to climb up to the third floor "without help from officers or prisoners." ROA.15-16. The next day, he was ordered to move to the second floor; and the day after that, down to the first. ROA.16. So when Class was ordered a *fourth time* to move floors, he told the officer "about his disabilities" and that he had been "climbing stairs for days." ROA.16. That officer relayed Class's concerns to Captain Trevino, who responded that "no restriction[s] are allowed in isolation[]" and directed Class to "obey" orders. ROA.16. Class thus made yet another trip up the stairs, possessions in tow, exacerbating "his lower back conditions and damag[ing] more his spinal cord and . . . []sciatica nerves." ROA.16.

The district court concluded that Class failed to state a Section 1983 claim because "mere threatening words do not rise to the level of an Eighth Amendment violation." ROA.294. That was error. *See* Opening Br. 19-21. There is a crucial difference between a hollow threat and a direct command: While a mere threat cannot cause physical harm, an order demands compliance. In this case, Trevino's command "caused [Class] to suffer[] a concrete, tangible harm," *Hudson v. Univ. of Tex. Med. Branch*, 441 F. App'x 291, 293 (5th Cir. 2011), to his lower back, spine, and nerves.

Defendants offer no argument in support of the district court's application of the "mere threatening words" rule to Trevino's conduct. Instead, defendants urge (at 8) this Court to affirm dismissal of Class's claim against Trevino on alternative grounds—namely, that Class purportedly "fail[ed] to plead facts" showing that "Trevino had any indication that ordering Class to move cells a fourth time would result in substantial harm to Class."

Like the district court, however, defendants err in drawing inferences in their own favor. Defendants assert (at 8) that Trevino lacked "subjective awareness" that "ordering Class to move a fourth time would have posed a substantial risk" of harm because Class "did not alert security staff that his medical needs prevented him from moving cells or climbing stairs." But the complaint alleges that Trevino *was* informed by an inferior officer that Class had complained about "his disabilities, and what was going on in his situation about climbing stairs for days." ROA.16. And in response, Trevino told Class that "'no restriction[s] are allowed in isolation[]." ROA.16. Those allegations are more than sufficient to "allow[] the court to draw the reasonable inference," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), that Trevino was aware that Class's disability (and medical restrictions) required him not to climb stairs; that Class's medical restriction had been ignored and Class had been forced repeatedly to climb stairs in the preceding days; and that Class was in physical distress as a result. Whether Trevino nonetheless subjectively believed that forcing

Class to climb the stairs would not pose "a substantial risk of serious harm," *Calhoun*, 312 F.3d at 734, is a question of fact inappropriate for resolution at the pleading stage. *See Washington v. Collins*, 1995 WL 337763, *1-3 (5th Cir. May 19, 1995) (unpublished per curiam) (reversing dismissal of Eighth Amendment claim brought by inmate with a "preexisting back injury" who alleged that "he was required to lift 75-pound sacks . . . and to stand up for more than four hours in violation of his medical restrictions" because "requiring an inmate to perform physical labor that significantly aggravates a serious medical ailment constitutes an Eighth Amendment violation" (citation omitted)); *see also M. D. by Stukenberg v. Abbott*, 907 F.3d 237, 247 n.14 (5th Cir. 2018) ("this court has made clear that deliberate indifference is a factual finding").

Defendants also suggest (at 8) that Trevino necessarily lacked subjective awareness of the risk to Class from continuing to force him to climb flights of stairs because Class does not allege that he suffered a discrete injury as a result of his first three trips. That argument flies in the face of both common sense and this Court's precedents. An officer violates the Eighth Amendment whenever he is "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and does "draw th[at] inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). While an inmate's prior injury would surely support such an inference, it is not the *only* fact that may do so. Rather, "the constitutionality of a particular working

condition must be evaluated in the light of the particular medical conditions of the complaining prisoner." *Jackson v. Cain*, 864 F.2d 1235, 1246 (5th Cir. 1989); *see* Opening Br. 21-22.  Here, it is more than plausible that Trevino would have drawn the inference that an inmate who walks with a cane, who is subject to institutional medical restrictions, and who was in distress after "climbing stairs for days," ROA.16, would face "a substantial risk of serious harm," *Farmer*, 511 U.S. at 837, if ordered to once again carry a heavy load up stairs without assistance.  That is all that is required for Class's Section 1983 claim against Trevino to survive a motion to dismiss.

**B.**     Defendants likewise fall short in their attempts to resuscitate the district court's dismissal of Class's Section 1983 claim against Captain Montgomery.  The complaint alleges that, during an unrelated security incident that occurred while Class was waiting in line to receive medication, Class and his fellow inmates were ordered to sit on the floor facing the wall.  ROA.13.  Class "turn[ed] [to] face . . . the wall," but "told the officer about his surgeries in [his] lower back."  ROA.13.  Class therefore "squa[tted] the most that he c[ould]" until he grew too tired, at which point he lay "on the floor facing up, bending his knees."  ROA.13.  That is when Captain Montgomery arrived and ordered Class to "sit your ass up."  ROA.13-14.  Class "responded to the Captain that he can't sit on the floor because [of] his surgeries," but Montgomery again commanded Class to "sit your ass up[,] or I will drag you to

the F-building." ROA.14. Class explained that he had no choice: "M[a']am do whatever you have to do, but I told you, I can't sit on the floor." ROA.14. Montgomery then punished Class by sending him to segregation for six hours. ROA.14.

The district court considered and rejected two potential theories of Eighth Amendment liability. First, it held that Montgomery did not violate the Eighth Amendment when she "told [Class] to 'sit his ass up'" because "mere threatening language and gestures of a custodial officer do not, even if true, amount to a constitutional violation." ROA.293-94 (quoting *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983)). Second, it concluded that Montgomery did not violate the Eighth Amendment by confining Class in a segregation cell for several hours because "prison conditions may be restrictive and even harsh without running afoul of the Eighth Amendment." ROA.294 (quoting *Hernandez v. Velasquez*, 522 F.3d 556, 560 (5th Cir. 2008)).

As the opening brief explained (at 22-23), however, Class's theory of Eighth Amendment liability rests neither on Montgomery's use of "threatening language" nor on Class's "conditions of confinement in segregation." Nor does Class claim that Montgomery was, as defendants now suggest (at 5-6), "deliberate[ly]

indifferen[t] to a substantial risk of serious harm."[4]  *Farmer*, 511 U.S. at 828 (internal quotation marks omitted).   Rather, Class's Eighth Amendment claim against Montgomery rests on the fact that Montgomery punished Class for his physical disability.  *See* Opening Br. 23-25.  Just as it would be cruel and unusual to discipline a blind inmate for failing to read posted instructions, or a deaf inmate for failing to comply with oral commands, it is wholly arbitrary—and therefore unconstitutional—to punish an inmate who is physically incapable of sitting on the floor for failing to comply with an order to do so.  *See McFadden*, 713 F.2d at 147 (considering whether enforcement of a prison regulation was "arbitrary, capricious or merely for the sake of punishment").

It is no answer to argue, as defendants do (at 7), that the conditions of Class's confinement in segregation "do not shock the conscience or equate to a denial of the minimal civilized necessities of life."  Class's Eighth Amendment claim arises not out of the conditions of his segregation cell, but rather out of the fact that Class was arbitrarily placed in segregation solely because of his medical inability to comply with Montgomery's command.  That theory of Section 1983 liability is well-recognized across the Courts of Appeals, including this Circuit.  *See, e.g., Jones v.*

---

[4] To the extent defendants argue that Class failed to plead that Montgomery was subjectively aware of his disability, they ignore the complaint's clear allegations. *See* ROA.14 (alleging that Class told "Captain [Montgomery] that he can't sit on the floor because [of] his surgeries").

*Hearn*, 248 F. App'x 568, 572 (5th Cir. 2007) (holding that requiring an inmate to take unnecessary medication violated the Eighth Amendment because the alternative "medical punishment"—*i.e.*, "medical isolation"—"would have been no less arbitrary"); *Quintanilla v. Bryson*, 730 F. App'x 738, 747 (11th Cir. 2018) (per curiam) (complaint sufficiently stated an Eighth Amendment claim where inmate "plausibly allege[d] that his confinement in administrative segregation [was] arbitrary and 'without penological justification'"); *Bono v. Saxbe*, 620 F.2d 609, 612 (7th Cir. 1980) (confinement in prison's "Control Unit" would be "a violation of substantive due process or of the Eighth Amendment" if "inmates were put in the Control Unit . . . for no reason at all").

## III. THE DISTRICT COURT ERRED IN DISMISSING THE COMPLAINT WITH PREJUDICE.

"A pro se complaint such as [Class's] should not be dismissed unless it appears that the plaintiff can prove no set of facts which would entitle him to relief." *Moawad v. Childs*, 673 F.2d 850, 851 (5th Cir. 1982). While the district court's failure to follow this instruction merits reversal, *see supra* 3-15, the district court's order dismissing Class's complaint must, at the very minimum, be vacated and remanded with instructions to allow Class to re-plead. As this Court has explained time and again, "a district court errs in dismissing a pro se complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend." *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam). The

district court thus erred in dismissing Class's complaint with prejudice. *See Moawad*, 673 F.2d at 851 ("If dismissal of a pro se complaint is warranted, it should be without prejudice to allow an inmate to file an amended complaint.").

## CONCLUSION

This Court should reverse the district court's order dismissing the complaint with prejudice.

Date: March 7, 2022

Respectfully submitted,

/s/ Sarah Weiner
Ginger D. Anders
Sarah Weiner*
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Ave., NW
Suite 500E
Washington, DC 20001
P: (202) 220-1100
F: (202) 220-2300
Sarah.Weiner@mto.com

Oren Nimni
Samuel Weiss
RIGHTS BEHIND BARS
416 Florida Avenue NW, #26152
Washington, DC 20001
(202) 540-0029

*Admitted in New York only; Practicing under the supervision of District of Columbia Bar members

# CERTIFICATE OF SERVICE

I certify that on March 7, 2022, the foregoing document was served on all parties or their counsel of record through the CM/ECF system.

Dated:  March 7, 2022

*/s/ Sarah Weiner*
Sarah Weiner

## CERTIFICATE OF COMPLIANCE

1.    This document complies with the word limit of Fed. R. App. P. 32(a)(7)(B), because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 3671 words.

2.    This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14 point, Times New Roman.

DATED:  March 7, 2022

*/s/ Sarah Weiner*
Sarah Weiner